(93 Misc. Rep. 493)

### EMANUELE v. FRUIT AUCTION CO.

(Supreme Court, Appellate Term, First Department. February 10, 1916.)

1. JUDGMENT ⬤⟿109—DEFAULT—COSTS.

In the absence of an affidavit setting forth actual engagement of counsel and of any other valid ground for an adjournment of a case set down for trial by stipulation, the trial justice properly granted a default, with judgment for costs in favor of the defendant.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 160, 162, 179; Dec. Dig. ⬤⟿109.]

2. JUDGMENT ⬤⟿159—OPENING DEFAULT—SUFFICIENCY OF AFFIDAVIT.

On motion to open a default, the plaintiff's affidavit stated that after long delay the case was by stipulation set for another day, on which plaintiff's counsel was unable to be present, as he was engaged in actions in two parts of the Supreme Court, that he failed to reach defendant's attorney by telephone, that he requested his associate to get an adjournment, and that he believed his client to have a good cause of action, without stating that plaintiff had fully and fairly stated the facts to counsel. Defendant's affidavit alleged that neither of the cases referred to in the plaintiff's affidavit were tried on that day. Held, that the moving papers did not warrant the opening of plaintiff's default.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 310, 312, 313; Dec. Dig. ⬤⟿159.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by August Emanuele against the Fruit Auction Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, at the same time bringing up for review an intermediate order opening plaintiff's default in suffering a judgment to be entered against him for costs, defendant appeals. Judgment re-

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

versed, and order opening default reversed, and judgment for defendant reinstated.

See, also, 145 N. Y. Supp. 936.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

McElheny, Bennett & Sicher, of New York City (Dudley F. Sicher and William M. Bennett, both of New York City, of counsel), for appellant.

Joseph Nicchia, of New York City, for respondent.

GUY, J. Defendant appeals from a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, at the same time bringing up for review an intermediate order opening plaintiff's default in suffering a judgment to be entered against him for $104.76 costs.

[1, 2] On a previous trial of this action, without a jury, the court awarded damages for plaintiff, which judgment was reversed by the Appellate Term as contrary to the evidence. 145 N. Y. Supp. 936. The case was then placed upon the trial calendar for February 27, 1914, at which time plaintiff demanded a jury trial. Numerous adjournments were taken, and the trial was finally set down for April 7, 1915. On that day, on the call of the calendar, a clerk of associate counsel for plaintiff respondent, stating that he had been informed by the clerk of plaintiff's attorney that plaintiff's attorney, Mr. Nicchia, *would be* engaged in the Supreme Court on that day and could not be present to assist in the trial of the action. The court then asked for the production of an affidavit setting forth the facts stated, but the affidavit was not produced; and on the second call of the calendar, no one answered for the plaintiff, whereupon Justice Spiegelberg directed the complaint to be dismissed, and judgment was entered accordingly in favor of the defendant for $104.76 accrued costs and disbursements. Ten weeks later plaintiff moved to open the default, which motion was granted.

The first point to be considered on this appeal is whether sufficient facts were presented by plaintiff in the moving papers to warrant the granting of said motion. The affidavit of Mr. Nicchia, plaintiff's attorney, made in support of the motion, states:

That after long delay and being twice marked "Reserved generally" the case was, by stipulation, set for trial February 17, 1915, and on that day was, by further stipulation, adjourned to April 7, 1915, on which day "deponent was not able to be present at the trial of this action, as he was engaged in the Supreme Court, New York County, Trial Term, Part XVII, in the action of Munroe v. Sacca et al., as well as in Part II for trial in the action of D'Anci v. Saitta"; that on the day previous he endeavored to connect with defendant's attorneys by telephone, but failed to do so, and requested his clerk to notify "Mr. Aaron Morris, deponent's associate, who is the counsel in the case herein, to get an adjournment"; also "that on the 7th day of April, 1915, deponent was actually engaged in the cases aforesaid, and also in the bankruptcy court in the Matter of Caleca, which hearing was set for 11 o'clock"; and further "that deponent has had interviews with the plaintiff herein, and from the facts stated to him the plaintiff has a good cause of action against the defendant herein."

The affidavit does not state that plaintiff has fully and fairly stated the facts in the case to the deponent. Defendant presented affidavits, in one of which extracts were set forth from the Law Journal of April 8th whereby it conclusively appeared that plaintiff's attorney was not and could not have been actually engaged in either Part 17 or Part 2 of the Supreme Court, as averred, for the reason that neither of said cases was tried on April 7, 1915.

In the absence of an affidavit setting forth actual engagement of counsel, and in the absence of any other valid ground for an adjournment, the case having been set down for trial by stipulation, the trial justice properly granted the default and directed judgment for costs in favor of the defendant; and unless we are to adopt the rule that any litigant may submit to a default, and, without· presenting any ground whatever, except a belief of counsel, on such facts as his client may see fit to acquaint him with, that there is a good cause of action, the litigant shall be entitled to open the default, the motion should have been denied. To adopt such a rule would be, in effect, to nullify the effect of the provisions of the Code providing for the taking of judgment by default.

Judgment in favor of plaintiff reversed, with $30 costs to the defendant appellant; order opening plaintiff's default reversed, and judgment of April 7, 1915, in favor of defendant reinstated. All concur.